An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DEMONDRAY D. MAYO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 67066



FILED

DEC 18 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Jerome T. Tao, Judge.

First, appellant contends that the district court erred by denying his claim that his guilty plea was not knowingly, voluntarily, and intelligently entered because he suffers from intellectual disabilities and was under the influence of medication at the time the plea was entered. We conclude that no relief is warranted. Appellant challenged the validity of his plea on appeal from his judgment of conviction.[1] This court considered and rejected the issues surrounding his intellectual disabilities, and reconsideration of those issues is barred by the law-of-the-case. *See Hall v. State*, 91 Nev. 314, 315, 535 P.2d 797, 798 (1975). Regarding appellant's contention that his plea was invalid because it was entered while he was under the influence of medications, appellant does not specify the medications he was taking at the time he entered his plea, the

---

[1]*Mayo v. State*, Docket No. 63512 (Order of Affirmance, November 13, 2013).

SUPREME COURT
OF
NEVADA

(O) 1947A

15-38780

effect they had on his mental state, or how they rendered his plea involuntary. Therefore, appellant fails to demonstrate that the district court erred by denying these claims without conducting an evidentiary hearing.[2] *See Hargrove v. State*, 100 Nev. 498, 502, 686 P.2d 222, 225 (1984).

Second, appellant contends that the district court erred by denying his claims of ineffective assistance of counsel. To prove ineffective assistance of counsel in the context of a guilty plea, a petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness, and, but for counsel's errors, he would not have pleaded guilty. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). We conclude that no relief is warranted on these claims. *See Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005) (explaining that we give deference to the district court's factual findings but review the court's application of the law to those facts de novo). Appellant does not specify what alternative defenses counsel should have pursued or what laws counsel should have explained to him before he pleaded guilty. Similarly, appellant does not explain how requesting an accommodation for his intellectual disabilities during the plea canvass would have caused him to reject the plea. Therefore, appellant fails to demonstrate that the district court erred by denying these claims without conducting an evidentiary hearing. *See Hargrove*, 100 Nev. at 502, 686 P.2d at 225.

---

[2]For the same reasons, appellant fails to demonstrate that counsel were ineffective for failing to address the issue of his medications in the guilty plea agreement, plea canvass, or motion to withdraw his plea.

Finally, appellant contends that the district court erred by (1) denying his claim that the sentencing scheme in existence at the time of his sentencing was unconstitutional, and (2) "provid[ing] an incorrect analysis of the belated appeal and successive petition issue." Appellant's arguments regarding these claims are not clear and he suggests they are only being raised for preservation purposes. Accordingly, we decline to consider these claims.

Having concluded that no relief is warranted, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc: Eighth Judicial District Court Dept. 20
Pitaro & Fumo, Chtd.
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk